IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| E-Z-EM, INC., and ACIST MEDICAL SYSTEMS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MALLINCKRODT INC. and LIEBEL-FLARSHEIM COMPANY,<br><br>Defendants. | Case No.<br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFFS E-Z-EM, INC. AND ACIST MEDICAL SYSTEMS, INC.'S
COMPLAINT FOR DECLARATORY JUDGMENT**

**THE PARTIES**

1.   Plaintiff E-Z-EM, Inc. ("E-Z-EM") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1111 Marcus Avenue, Lake Success, New York 11042.

2.   Plaintiff ACIST Medical Systems, Inc. ("ACIST") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 7905 Fuller Road, Eden Prairie, Minnesota 55344.

3.   Upon information and belief, Defendant Mallinckrodt Inc. ("Mallinckrodt") is a corporation organized and existing under the laws of the State of Delaware having an address of 675 McDonnell Boulevard, Hazelwood, Missouri 63042.

4.   Upon information and belief, Defendant Liebel-Flarsheim Company ("L-F") is a corporation organized and existing under the laws of the State of Delaware having a place of business at 2111 East Galbraith Road, Cincinnati, Ohio 45212.

## JURISDICTION

5. This is an action seeking a declaration regarding the parties' rights and obligations under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* More particularly, Plaintiffs E-Z-EM and ACIST (collectively "Plaintiffs") seek a declaration that United States Patent No. 7,512,434 ("the '434 patent") is invalid and not infringed by Plaintiffs. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and §2201.

6. This Court has personal jurisdiction over Mallinckrodt and L-F (collectively "Defendants"), because Defendants have established minimum contacts with the forum by purposefully availing themselves of the laws and benefits of the forum, on information and belief have voluntarily conducted business in the Eastern District of Texas, and the exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice. Defendants have previously brought a patent infringement suit against Plaintiffs in the Eastern District of Texas, which suit is substantially related to this action because it arises from the same transactions and occurrences and asserts that the same product allegedly infringes another patent owned by L-F. This previous suit is currently pending before the Honorable T. John Ward.

## VENUE

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and/or 1400 because Defendants are subject to personal jurisdiction in the Eastern District of Texas. Plaintiffs have previously brought a patent infringement suit in this District which is substantially related to this action and which is currently pending before the Honorable T. John Ward.

8. The '434 patent issued on March 31, 2009 to Peter Staats and James E. Knipfer II. L-F is listed as the assignee of the '434 patent. L-F asserts that Mallinckrodt is the implied exclusive licensee of the '434 patent. A copy of the '434 patent is attached as Exhibit 1.

9. On April 4, 2009, Defendants filed a civil action in the Federal District Court for the District of Delaware against Plaintiffs in which Defendants attempt to assert that Plaintiffs infringe, induce infringement, and/or contribute to infringement of the '434 patent.

10. Plaintiffs have moved to dismiss the Delaware action under Federal Rule of Civil Procedure 12(b)(6), based on Defendants' failure to adequately plead a cause of action for patent infringement, and thus have failed to state a claim upon which relief can be granted.

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,512,434

11. Plaintiffs hereby incorporate by reference its allegations contained Paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. Plaintiffs believe that their products do no infringe any claims of the '434 patent and deny any claim of infringement.

13. Defendants have already attempted to bring claims of infringement of the '434 patent against E-Z-EM and ACIST based on the marketing, use, and/or sale of their EMPOWERMR injectors. Thus, a present, genuine, and justiciable controversy exists between the parties.

14. As a result of the foregoing, there exists an actual and present controversy between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. §2201.

15. Accordingly, Plaintiffs seek and are entitled to a judicial declaration that the '434 patent is not infringed by the EMPOWERMR injector.

## COUNT II – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,512,434

16. Plaintiffs hereby incorporate by reference its allegations contained in Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. Plaintiffs believe that the claims of the '434 patent are invalid and/or are unenforceable.

18. Defendants have already attempted to bring claims of infringement of the '434 patent against E-Z-EM and ACIST and thus it is presumed that they believe that the '434 patent is valid and enforceable. Thus, a present, genuine, and justiciable controversy exists between the parties.

19. As a result of the foregoing, there exists an actual and present controversy between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. §2201.

20. Accordingly, Plaintiffs seek and are entitled to a judicial declaration that the '434 patent is invalid and/or is unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs E-Z-EM and ACIST respectfully request that this Court issue a declaratory judgment, declaring that:

A. Plaintiffs have not and do not infringe the '434 patent based on the manufacture, use and/or sale or offer of sale of their EMPOWERMR injectors;

B. The '434 patent is invalid and/or unenforceable;

C. This is an exceptional case under 35 U.S.C. § 285 and Plaintiffs are entitled to an award of attorneys fees pursuant to 35 U.S.C. § 285; and

D. Plaintiffs are entitled to such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues and claims so triable.

Dated: April 24, 2009.

By: */s/ Deron R. Dacus*_____
Tracy Crawford
State Bar No. 05024000
Deron Dacus
State Bar No. 00790553
RAMEY & FLOCK
100 East Ferguson
Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (fax)
Email: tracyc@rameyflock.com
derond@rameyflock.com

Philippe Bennett
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9400
(212) 210 9444 (fax)
Email: phillippe.bennett@alston.com
*Attorneys for Defendants E-Z-EM, Inc .and*
*ACIST Medical Systems, Inc.*